IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | |
| vs. | CASE NO: **4:22MJ3020** |
| CHRISTOPHER GROTH, | **DETENTION ORDER** |
| Defendant. | |

On the government's motion, the court afforded the defendant an opportunity for a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f). The court concludes the defendant must be detained.

Based on the information of record, there is probable cause to support the child pornography crime alleged in the criminal complaint.

There is a rebuttable presumption that no condition or combination of conditions of release will reasonably assure the defendant's appearance at court proceedings and the safety of the community because there is probable cause to believe the defendant committed a felony involving a minor. The defendant has not rebutted this presumption.

Based on the information of record, the court finds by clear and convincing evidence that the defendant's release would pose a risk of harm to the public.

Specifically, the court finds that there is substantial evidence supporting the criminal charges. The defendant has children living in his home, and no alternative residence for release was suggested to the court. He has mental health issues which will pose a risk of harm to himself or others if released. Defendant presented no evidence opposing the presumption of detention, and conditions which restrict Defendant's travel, personal contacts, and possession of

drugs, alcohol, and/or firearms; require reporting, education, employment, or treatment; or monitor Defendant's movements or conduct; or any combination of these conditions or others currently proposed or available (see 18 U.S.C. § 3142(c)), will not sufficiently ameliorate the risks posed if the defendant is released.

## Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. The defendant must be afforded a reasonable opportunity to consult privately with defense counsel.  On order of the United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to the United States marshal for a court appearance.

Dated February 18, 2022.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge